Joseph Lavi, Esq. (SBN 209776)
Email: jlavi@lelawfirm.com
N. Nick Ebrahimian, Esq. (SBN 219270)
Email: nebrahimian@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
Aaron D. Boal, Esq. (SBN 327005)
aboal@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff WALTER L. RAINES,
on behalf of himself and current and former aggrieved employees,

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| WALTER L. RAINES, on behalf of himself and current and former aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA NORTHERN CALIFORNIA AGGREGATES, LLC .; MARTIN MARIETTA MATERIALS, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | FIRST AMENDED COMPLAINT<br><br>Case No.: 2:23-cv-02516-TLN-KJN<br><br>**PAGA ACTION**<br><br>**PLAINTIFF WALTER L. RAINES' COMPLAINT FOR:**<br><br>1. **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTIONS 2698, ET SEQ.** |

**COMES NOW** Plaintiff WALTER L. RAINES ("Plaintiff"), who alleges and complains against Defendants MARTIN MARIETTA NORTHERN CALIFORNIA AGGREGATES, LLC; MARTIN MARIETTA MATERIALS, INC.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

I.     **INTRODUCTION**

1.     This is a Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.* ("PAGA") representative action brought by Plaintiff on behalf of the State of California, himself and other current and former aggrieved employees of Defendants who worked as hourly non-

**FIRST AMENDED COMPLAINT**
1

exempt employees in California during the relevant time period seeking civil penalties associated with Defendants' violation of the Labor Code based on Defendants' failure to pay wages for all hours worked at the employees' minimum wage rate, failure to pay reporting time pay, failure to permit or provide all legally required and/or legally compliant meal periods and/or pay meal period premium wages, failure to timely pay earned wages during employment, failure to provide complete and accurate wage statements, and failure to timely pay all unpaid wages following separation of employment. Plaintiff seeks on a representative basis, following notice to the Labor and Workforce Development Agency, civil penalties, reasonable attorneys' fees pursuant to Labor Code section 2699(g)(1) and costs brought on behalf of Plaintiff, the State of California, and others aggrieved.

## II.    JURISDICTION AND VENUE

2.    This case was originally filed in the County of San Joaquin which had jurisdiction over the claims of Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees because Plaintiff's lawsuit seeks civil penalties on behalf of himself, all other current and former aggrieved California-based hourly non-exempt employees, and the State of California in excess of twenty-five thousand dollars ($25,000); Defendants employed Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees; and the injuries to Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees occurred in locations throughout California, including but not limited to San Joaquin County at 1945 Lathrop Rd, Manteca, CA 95336. Defendant then removed the case to this Eastern District of California, which is the district where San Joquin County lies.

3.    In response to the COVID-19 pandemic, the Judicial Council of California enacted Emergency Rule 9 to the California Rules of Court, which provided that, notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

## III.    PARTIES

4.    Plaintiff brings this action as a representative of the Labor and Workforce Development Agency on behalf of himself and other current and former employees subject to

violations of the Labor Code. The named Plaintiff and the persons on whose behalf this action is filed include current, former and/or future employees of Defendants who work, worked, or will work for Defendants as direct employees as well as temporary employees employed through temp agencies as hourly non-exempt employees in California. At all times mentioned herein, the currently named Plaintiff is and was domiciled and a resident and citizen of California and was employed by Defendants in an hourly position at Defendants' location in Manteca from approximately July 2018, until on or about June 30, 2022.

5. Plaintiff is informed and believes and thereon alleges that Defendant MARTIN MARIETTA NORTHERN CALIFORNIA AGGREGATES, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 26-50 are, and at all times relevant hereto were persons acting on behalf of Defendant MARTIN MARIETTA NORTHERN CALIFORNIA AGGREGATES, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MARTIN MARIETTA NORTHERN CALIFORNIA AGGREGATES, LLC operates in San Joaquin County and employed Plaintiff and aggrieved employees in San Joaquin County, including but not limited to, at 1945 Lathrop Rd, Manteca, CA 95336.

6. Plaintiff is informed and believes and thereon alleges that Defendant MARTIN MARIETTA MATERIALS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-70 are, and at all times relevant hereto were persons acting on behalf of Defendant MARTIN MARIETTA MATERIALS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MARTIN MARIETTA MATERIALS, INC. operates in San Joaquin County and employed Plaintiff and aggrieved employees in San Joaquin County, including but not limited to, at 1945 Lathrop Rd, Manteca, CA 95336.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff that employed Plaintiff and aggrieved California non-exempt employees, permitted Plaintiff and aggrieved employees to work, and exercised control over the wages, hours and

**FIRST AMENDED COMPLAINT**
3

working conditions of employment of Plaintiff and aggrieved employees.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 51 through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each defendant who violated or caused to be violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

9. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

10. Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's right to plead in the alternative.

# FIRST CAUSE OF ACTION
## CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTIONS 2698, ET SEQ.
### (Against all Defendants by Plaintiff)

11. Plaintiff incorporates all paragraphs above as though fully set forth herein.

12. During Plaintiff's employment and continuing through the present, Plaintiff alleges Defendants violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 512, 1194, 1197, 1198, and the applicable Wage Orders.

13. Specifically, Defendants have committed the following violations of California Labor Code:

14. **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

15. Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the IWC and the Wage Orders.

16. In this case, Plaintiff and other current and former aggrieved California-based hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Specifically, Defendants failed to pay Plaintiff and other current and former aggrieved California-based hourly non-exempt employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) "Rounding" down or "shaving" Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' daily hours worked at the time of their clock-in and clock-out, including their clock-in and clock-out for meal breaks, to the nearest one-tenth of an hour, to the benefit of Defendants; and

(b) Requiring Plaintiff and other current and former aggrieved California-based hourly non-exempt employees to call in prior to the start shift to determine whether or not they were scheduled to work that day.

17. Therefore, Defendants suffered, permitted, and required Plaintiff and other current and former aggrieved California-based hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and other current and former aggrieved California-based hourly non-exempt employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194 and 1197 and the applicable Wage Order.

18. **Failure to provide reporting time pay**: Labor Code sections 1194, 1197, and 1198, require an employer to pay "reporting time pay" under the applicable Wage Order. Wage

Order 9 requires that when an "employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." *See* Wage Order 9 at § (5)(A).

19. Defendants required Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees to call in prior to their start shift to determine whether they are scheduled to work that day.

20. Therefore, Defendants require Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees to report for work and be put to work for less than half of their usual or scheduled day's work, but Defendants did not pay Plaintiff or all other current and former aggrieved California-based hourly non-exempt employees any reporting time pay.

21. Defendants' practice resulted in Plaintiff and all other current and former aggrieved California-based hourly non-exempt employees not receiving reporting time pay when required to work less than their half their usual schedule or scheduled day's work in compliance with California law.

22. **Failure to pay wages to hourly non-exempt employees for workdays that Defendants failed to provide legally required and compliant meal periods:** Plaintiff and other current and former aggrieved California-based hourly non-exempt employees regularly worked shifts of more than five (5) hours in length and shifts of more than ten (10) hours in length.

23. California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work. Labor Code sections 226.7, 512; Wage Order 9 at §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second such meal period of not less than thirty (30) minutes prior to the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period

**FIRST AMENDED COMPLAINT**
6

shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on-duty meal periods.

24. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 9 at §11.

25. In this case, Defendants failed to authorize or permit legally required and compliant meal periods to Plaintiff and other current and former aggrieved California-based hourly non-exempt employees due to Defendants' policies, practices, and/or procedures, including but not limited to:

(a) "Rounding" or "shaving" Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' total daily hours at the time of their clock-in and clock-out for their meal breaks to the nearest one-tenth of an hour, to the benefit of Defendants.

26. Additionally, Plaintiff alleges that Defendants maintained a policy, practice, and/or procedure of failing to compensate Plaintiff and other current and former aggrieved California-based hourly non-exempt employees one (1) hour of pay at their regular rate of pay for each workday that Plaintiff and other current and former aggrieved California-based hourly non-exempt employees did not receive legally required and compliant meal periods, in violation of Labor Code section 226.7.

27. Defendants' foregoing policies, practices, and/or procedures resulted in Plaintiff and other current and former aggrieved California-based hourly non-exempt employees not receiving wages to compensate them for workdays during which Defendants did not provide them with meal periods in compliance with California law.

28. **Failure to timely pay earned wages during employment:** In California, wages must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor Code section 204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid between the

16th and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code section 204(d).

29. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to timely pay Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' earned wages (including minimum wages, reporting time wages, and/or meal period premium wages), in violation of Labor Code section 204. Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' their earned wages within the applicable time frames outlined in Labor Code section 204.

30. **Failure to provide complete and accurate wage statements:** Labor Code section 226, subdivision (a). Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

31. As a derivative of Plaintiff's allegations above, Defendants' failure to pay Plaintiff and other current and former aggrieved California-based hourly non-exempt employees all wages earned (including minimum wages, reporting time wages, and/or , meal period premium wages)

rendered Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' wage statements inaccurate, in violation of Labor Code section 226.

32. **Failure to pay employees all wages due at time of termination/resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within seventy-two (72) hours of resignation (Labor Code section 202).

33. Defendants committed direct violations of Labor Code section 203, because they failed to provide Plaintiff and other current and former aggrieved California-based hourly non-exempt employees' their final wages in a timely manner as required by Labor Code section 203. Defendants did not pay Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' final wages until the pay period following the date of termination.

34. As a derivative of Plaintiff's allegations above, because Defendants failed to pay Plaintiff and other current and former aggrieved California-based hourly non-exempt employees all their earned wages (including minimum wages, reporting time wages, and/or , meal period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation, in violation of Labor Code sections 201, 202, and 203.

35. Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of himself or herself and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

36. Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3. On June 5, 2023, Plaintiff filed a PAGA Claim Notice with the LWDA and provided notice to Defendants by certified mail which provided notice of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the violations alleged.

37. Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 60 days of the date of the complainant's written notice. The LWDA failed to provide the

parties notice within 60 days of the date of Plaintiff's PAGA Claim Notice that the LWDA intends to investigate Plaintiff's claims.

38. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff is entitled to recover civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 226, 226.7, 512, 1194, 1197, 1198, During Plaintiff's employment and continuing through the present, preceding Plaintiff sending the initial PAGA Claim Notice to the LWDA to the present, in the following amounts:

    a. For violations of Labor Code sections 201, 202, 203, 204, 226.7, 512, and 1198; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

    b. For violations of Labor Code section 226, two hundred fifty dollars ($250) for each employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

    c. For violations of Labor Code section 1194 and 1197, one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 1197.1].

39. Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorneys' fees and costs in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF, ON BEHALF OF HIMSELF AND ON OTHER AGGRIEVED EMPLOYEES, PRAYS AS FOLLOWS:**

### ON THE FIRST CAUSE OF ACTION:

1. That Defendants be found to have violated the provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and aggrieved employees;

2. For any and all legally applicable penalties during the relevant statute of limitations

subject to any permissible tolling, including but not limited to those recoverable under the California Labor Code, including but not limited to section 2699(f);

      3. For attorneys' fees and costs of suit, including but not limited to those recoverable under California Labor Code section 2699(g); and

      4. For such and other further relief, in law and/or equity, as the Court deems just or appropriate

Dated: December 12, 2023

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
N. Nick Ebrahimian, Esq.
Vincent C. Granberry, Esq.
Aaron D. Boal, Esq.
Attorneys for Plaintiff
WALTER L. RAINES, on behalf of himself and current and former aggrieved employees